E-FILED
Tuesday, 11 April, 2023  12:55:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ROBERT L. PENNINGTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1006 |
| | ) | |
| SARA L. DARROW, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at the Knox County Jail in Galesburg, Illinois, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review. As an initial matter, Plaintiff filed a motion seeking leave to file an amended complaint. (Doc. 6). Plaintiff's motion is granted. Fed. R. Civ. P. 15(a)(1). The Court will consider only the allegations in Plaintiff's amended complaint without reference to his original complaint.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff alleges constitutional violations arising from his federal criminal proceedings. Defendant Darrow is the Chief U.S. District Judge for the Central District of Illinois before whom Plaintiff's federal criminal charges are pending. Defendants Zopf, Jaeger, McCall, and Fultz are attorneys who represented or are currently representing Plaintiff in those proceedings.

Plaintiff alleges that his federal criminal proceedings from 2020 through fall 2022 were conducted in Davenport, Iowa, a location that is not within the Central District of Illinois where the criminal charges were filed.[1] He alleges that he did not consent to proceedings at this location, and, therefore, Defendant Darrow lacked jurisdiction and legal authority to preside over his case. The docket in Plaintiff's criminal case indicates that he is awaiting sentencing following a guilty plea entered on September 22, 2022. *United States v. Pennington*, No. 18-20021, Minute Entry dated Sept. 22, 2022 (C.D. Ill.). Plaintiff submitted on that date a signed consent to conduct all proceedings in Davenport, Iowa. *Id.*, ECF No. 216.

Plaintiff alleges that Defendants Zopf, Jaeger, McCall, and Fultz did not advise him of his right to object to the location of these proceedings, nor did they object on his behalf. Plaintiff alleges that Defendant Darrow appointed these and other unnamed defendants to represent him in his criminal case "knowing that these individuals would not challenge her jurisdiction authority." (Doc. 6 at 8). Plaintiff seeks injunctive relief, including an order vacating all orders that were "heard without territory" and permitting re-litigation of same, monetary damages, and criminal indictments. (Doc. 6 at 14).

---

[1] On September 26, 2018, Judge Shadid, the Chief U.S. District Judge for the Central District of Illinois at the time, issued General Order No. 18-05. The order authorized the Rock Island Division of the Central District of Illinois to conduct special sessions pursuant to the Federal Judiciary Emergency Special Sessions Act of 2005, 28 U.S.C. § 141, at the United States Courthouse for the Southern District of Iowa located in Davenport, Iowa, effective immediately.

## DISCUSSION

Plaintiff asserts a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based on an alleged violation of his Sixth Amendment right to a trial in the State and district where his alleged crimes occurred. U.S. Const., Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed….").

*Bivens* created an implied private cause of action for money damages against federal officers who violate an individual's Fourth Amendment rights. *Bivens*, 403 U.S. at 397. The holding "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Srvcs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001), but the Supreme Court has cautioned against extending this remedy to new contexts. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Since *Bivens*, the Supreme Court has found an implied cause of action to exist under *Bivens* only twice—to medical claims arising under the Eighth Amendment and to Fifth Amendment due process claims based on gender discrimination. *Id.* at 1854-55. The Supreme Court has not recognized a *Bivens* remedy for claims arising under the Sixth Amendment. *Sebolt v. Samuels*, 749 F. App'x 458, 459 (7th Cir. 2018).

The Supreme Court has made clear "that a *Bivens* remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S. Ct. at 1857-58 (internal quotations omitted). Thus:

> if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III.

*Id.* at 1858. "When a party seeks to assert an implied cause of action under the Constitution itself…separation-of-powers principles are or should be central to the analysis. The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts?" *Id.* (citing *Bush v. Lucas*, 462 U.S. 367, 390 (1983)).

Article III vests with Congress the power to create the district courts. U.S. Const., Art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, *and in such inferior Courts as the Congress may from time to time ordain and establish*.") (emphasis added). Congress defines the geographical location of the federal judicial districts and the parameters under which the district courts operate. 28 U.S.C. §§ 81-143. The Federal Judiciary Emergency Special Sessions Act of 2005, 28 U.S.C. § 141, authorizes a district court to conduct court proceedings outside of its own district if certain criteria are met, and, if met, permits the district court to conduct "any business which may be transacted at a regular session," except that a criminal trial may not be conducted out of state without the defendant's consent. 28 U.S.C. § 141(b)(1)-(2).

Article III and these statutes illustrate that defining the location and subject matter of district court proceedings falls squarely within Congress' traditional constitutional authority. Congress authorized district courts to conduct proceedings outside their respective districts and in other states should the circumstances warrant. The lack of an expressly authorized cause of action against federal officials who allegedly exceed the parameters Congress set forth factors against the creation of a judicial remedy within this context, as does Plaintiff's ability to challenge the district court's jurisdiction in a habeas corpus proceeding. *Ziglar*, 137 S. Ct. at 1858 ("For if Congress has created any alternative, existing process for protecting the [injured party's] interest that itself may amount to a convincing reason for the Judicial Branch to refrain

from providing a new and freestanding remedy in damages.") (internal quotations and citations omitted); *Grady v. Kinder*, 799 F. App'x. 925, 927 (7th Cir. 2020). The Court finds that Plaintiff does not have a remedy under *Bivens* for the Sixth Amendment claim he asserts.

Assuming Plaintiff has a cause of action under *Bivens*, his allegations do not permit a plausible inference that he suffered the requisite constitutional violation. Officials brought Plaintiff's criminal charges in the Central District of Illinois, and his criminal case proceeded before a judge from the same district. The allegations do not permit a plausible inference that Plaintiff's criminal case proceeded in a way materially different than it would have had proceedings occurred in Rock Island, Illinois. Plaintiff has not proceeded to trial, and any issues arising therefrom are not ripe for the Court's consideration. Plaintiff also executed a written waiver regarding the location of proceedings, suggesting he has waived any constitutional right he may have. At least one court considering the issue has declined to extend the Sixth Amendment's venue requirements to pretrial proceedings. *See Dupoint v. United States*, 388 F.2d 39, 43 (5th Cir. 1967) (Sixth Amendment venue provisions "does not embrace preliminary inquiry and the making of the accusation.").

The other relief Plaintiff seeks is either not available in an action for money damages, premature, or both. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody); 28 U.S.C. § 2255 (requiring a prisoner to be "in custody under sentence" to attack a sentence on grounds that the court lacked jurisdiction).

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. The Court typically permits a pro se litigant at least one opportunity to amend his complaint, but,

given the Court's ruling above, the Court finds that any amendment Plaintiff could make would be futile.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. Plaintiff also has personal knowledge of the facts, he indicates that he completed "some college," and he has been able to adequately convey his claims to the Court. The Court finds that Plaintiff is capable of representing himself. For these reasons, and because the Court found that Plaintiff does not have a legally viable claim, Plaintiff's motion is denied. *See Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022) (a district court may consider the relative strength or weakness of a plaintiff's claims in ruling upon a motion to request counsel).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [6] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's Motion to Request Counsel [4] is DENIED.**

3) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

4) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

5) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

6) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 11th day of April, 2023.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE